LARSON, Plaintiff in error, v. STATE, Defendant in error.

*No. State 126. Submitted under sec. (Rule) 251.54 October 3, 1973.*
*—Decided October 30, 1973.*
(Also reported in 211 N. W. 2d 513.)

For the plaintiff in error the cause was submitted on the brief of *James H. McDermott,* attorney, former state public defender, and *Howard B. Eisenberg,* state public defender, and *Ronald L. Brandt,* assistant state public defender, of counsel; and the reply brief of *Howard B. Eisenberg,* state public defender, and *Ronald L. Brandt,* assistant state public defender.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Steven B. Wickland,* assistant attorney general.

PER CURIAM. At his initial appearance, the defendant waived preliminary examination and stated he wished to enter a plea to the charge of armed burglary. The information had not yet been prepared but the district attorney paraphrasing the complaint, read an information into the record and the defendant pleaded guilty. Later that day, a written information was filed. Thereafter, the judgment of conviction and sentence was entered.

The better practice would have been for the trial court to have recessed the initial appearance upon learning the defendant wished to immediately plead thereby giving the district attorney an opportunity to prepare and file a written information before the plea was made. However, under the circumstances of this case, the court concludes it was not reversible error for the trial court to accept the plea before a written information had been filed. Here, the district attorney read the information into the record in exactly the same language as was ultimately used in the written information. Also, here, the defendant had earlier been given a copy of the complaint and warrant charging him with armed burglary. A written information was filed shortly after the plea was on file when the judgment of conviction and sentence was entered.

Under these circumstances, the absence of a written information at the time of the defendant's plea, was merely

a defect or imperfection in matters of form which did not prejudice him. Sec. 971.26, Stats.

With respect to the issue that the trial court failed to address the defendant personally and determine the plea was made voluntarily with understanding of the nature of the charge, we conclude the record reveals the guilty plea was voluntarily and understandingly entered. *See Martinkoski v. State* (1971), 51 Wis. 2d 237, 186 N. W. 2d 302.

The judgment and order are affirmed.